UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-144 CAS |
| ) | |
| AT&T OPERATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is defendant AT&T Operations Inc.'s motion for discovery sanctions. As background, on August 9, 2010, defendant AT&T Operations, Inc. ("AT&T") filed a motion to compel answers to interrogatories and responses to requests for production of documents. Defendant served plaintiff, who was proceeding pro se at the time, with the discovery on June 4, 2010.[1] Plaintiff failed to respond to the discovery requests, and on August 9, 2010, AT&T filed a motion to compel. A hearing was held on the motion to compel on September 28, 2010. Plaintiff appeared at the hearing pro se. The Court granted defendant's motion to compel and ordered plaintiff to "fully and completely answer AT&T's interrogatories, response to AT&T's request for production of documents, and execute authorizations attached thereto within 10 days" of September 28, 2010. See Doc. 38.

Plaintiff failed to comply with the September 28, 2010 Order. Plaintiff sent defense counsel a packet of documents and three compact discs, but he did not answer any of the interrogatories or execute the authorizations. On November 4, 2010, AT&T filed a motion for sanctions. A hearing

---

[1] Attorney David Swimmer entered an appearance on behalf of plaintiff on June 9, 2010, and defendant also mailed the discovery requests to Mr. Swimmer on June 11, 2010. Mr. Swimmer has since filed a motion to withdraw, which was granted.

was held on this matter on November 16, 2010, at which time plaintiff and counsel for defendant appeared before this Court. At the hearing, the Court held ruling on defendant's motion for sanctions in abeyance. The Court ordered that immediately following the hearing, plaintiff should return with defense counsel to her offices to answer defendant's propounded interrogatories and to identify documents that are responsive to defendant's document requests.

On November 30, 2010, defendant filed a notice with the Court, which states that plaintiff did accompany defense counsel to her office following the hearing, and plaintiff spent approximately two hours reviewing and attempting to answer interrogatories. A copy of plaintiff's handwritten responses that were made at the time are attached to AT&T's notice, including a number of executed authorizations. Defense counsel represents that she indicated to plaintiff that many of his responses were incomplete. According to the notice, plaintiff told defense counsel that he would complete the discovery requests and return them to AT&T on November 22, 2010.

On November 23, 2010, defense counsel received plaintiff's "Objections and/or Answers" to defendant's interrogatories and "Objections and/ Responses" to defendant's document requests, copies of which are attached to AT&T's notice. As defendant points out in its notice, plaintiff's answers and responses to the interrogatories and requests are not complete, and moreover, many are made subject to objections. For example, plaintiff has failed to respond to whether he has even been convicted or pled guilty to a crime. In the answer he made on November 16, 2010, plaintiff responds, "Too much. I can't recall at this time. And Answers not before me." In the document AT&T received on November 23, 2010, plaintiff objects to the interrogatory as beyond the scope of discovery and irrelevant. Plaintiff's objections to this interrogatory are not proper. Information regarding past convictions is discoverable and may be relevant at trial. But more importantly,

plaintiff has waived his objections. By not responding to defendant's discovery requests within the time allowed under the Federal Rules of Civil Procedure, plaintiff has waived his right to object to defendant's interrogatories. See Fed. R. Civ. P. 33 ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

In Interrogatory No. 3, which requests information regarding the nature of plaintiff's claimed injuries and treatment, plaintiff failed to sufficiently describe the nature of his injuries or to provide adequate information regarding his providers, such as their addresses and telephone numbers. In Interrogatories No. 6 and 7, which requests information regarding persons with whom plaintiff has communicated regarding the allegations in his complaint, plaintiff merely provides a list of names . He fails to give adequate contact information, and information regarding what each potential witness might know. He also did not supply defendant with any written statements he has. Plaintiff also has not fully complied with the document requests. Plaintiff has improperly objected to the document requests, has refused to respond and/or fails to properly reference and identify documents that are responsive to the requests.

The Court also finds that it is unclear whether the "Objections and/or Answers" and "Objections and/ Responses" defendant received by mail on November 23, 2010, replace the handwritten responses plaintiff completed on November 16, or whether they are a supplement. But in any event, the Court finds they are incomplete and contain improper objections.

Plaintiff must answer each and every interrogatory and document request defendant has propounded, without objections, and pursuant to the directions defendant has provided. Pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir.

3

1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Prosecuting a civil case takes diligence, and half-efforts will not suffice. Defendant is entitled to know the allegations plaintiff has against it and the basis for these allegations. Discovery, including interrogatories and requests for documents, is the method by which defendant can obtain the information it requires to defend the case. The Court will allow plaintiff a six (6) days to fully and completely respond, without objections to defendant's discovery requests. Plaintiff's failure to do so shall result in dismissal of this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **Wednesday, December 15, 2010**, plaintiff shall fully and completely respond, without objections, to defendant's First Set of Interrogatories and First Request for Production of Documents. Plaintiff shall file copies of his answers and responses with this Court on or before **December 15, 2010. Plaintiff's failure to comply with the terms of this Order shall result in dismissal of this action, with prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to plaintiff at the following address: 3960 Flagstone Ct., Florissant, MO 63031.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __8th__ day of December, 2010