# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRY PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-144 CAS |
| | ) | |
| AT&T OPERATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant AT&T Operations, Inc.'s third motion for sanctions against plaintiff Jerry Perkins. AT&T Operations, Inc. ("AT&T") moves that the Court dismiss plaintiff's case with prejudice because plaintiff did not fully and truthfully respond to defendant's written interrogatories, and he did not produce documents that are responsive to defendant's written document requests as he was ordered to do a number of times. Plaintiff, who is now proceeding with appointed counsel, opposes defendant's motion. The Court heard oral argument on the motion on May 10, 2011. For the following reasons, the Court will grant defendant's motion and dismiss plaintiff's case with prejudice.

## *I. Background*

Plaintiff initially filed his complaint pro se against AT&T on January 26, 2010. In his complaint, plaintiff alleges defendant discriminated against him in his employment based on his race in violation of 42 U.S.C. § 1981 and Missouri public policy. Defendant served plaintiff with written interrogatories and document requests on June 4, 2010.[1] Plaintiff did not respond to the

---

[1] Plaintiff originally filed his suit pro se. On June 9, 2010, attorney David Swimmer entered an appearance on plaintiff's behalf. In addition to serving plaintiff, defense counsel also served Mr. Swimmer with the discovery requests on June 11, 2011. On August 4, 2010, Mr. Swimmer filed a

interrogatories and document requests, and he did not ask for an extension of time. On August 9, 2010, AT&T filed a motion to compel plaintiff's answers and responses. Following a hearing on the matter, the Court granted AT&T's motion to compel and ordered that plaintiff fully respond to defendant's written interrogatories and requests for production of documents within ten (10) days of September 28, 2010, the date of the hearing. The Court also ordered plaintiff to execute authorizations for the release of medical records and other documents.

Plaintiff did not comply with the terms of this order. On October 12, 2010, plaintiff produced some documents and three compact discs, although he did not specify to which document requests the information was responsive; he did not answer the interrogatories, instead he filed untimely objections; and he did not execute the authorizations.

On November 4, 2010, AT&T filed its first motion for sanctions for plaintiff's failure to comply with the September 28, 2010 Order. The parties appeared before this Court for a hearing on November 16, 2010. At the hearing, the Court ordered plaintiff to return with defense counsel to her offices to respond to the written discovery requests and execute the authorizations. The Court held in abeyance ruling on defendant's motion for sanctions. The parties later represented to the Court that plaintiff worked on the discovery request in AT&T's offices for two hours, and then the parties agreed that plaintiff could work on them at home and provide his complete answers to AT&T no later than November 22, 2010.

On November 23, 2010, plaintiff served defendant his discovery responses, but he again provided incomplete answers to the interrogatories. Plaintiff continued to assert untimely

---

motion to withdraw, which was granted on August 31, 2010. Thereafter, plaintiff proceeded pro se until the Court appointed him counsel on March 15, 2011.

objections. He also did not provide all the executed authorizations, and he failed to designate which documents were responsive to which requests.

On November 30, 2010, AT&T filed a notice with the Court regarding plaintiff's failure to comply with the Court's order and his discovery obligations. On December 8, 2010, the Court issued an order that stated:

> <u>Plaintiff must answer each and every interrogatory and document request defendant has propounded, without objections, and pursuant to the directions defendant has provided.</u> Pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure. . . . Prosecuting a civil case takes diligence, and half-efforts will not suffice. Defendant is entitled to know the allegations plaintiff has against it and the basis for these allegations. Discovery, including interrogatories and requests for documents, is the method by which defendant can obtain the information it requires to defend the case. See Memorandum and Order dated December 8, 2010 at 3-4 (emphasis in original, citations omitted).

The Court ordered plaintiff to "fully and completely respond, <u>without objections</u>, to defendant's First Set of Interrogatories and First Request for Production of Documents", and to file a copy of his responses with the Court within six (6) days of the Order. <u>Id.</u> at 4 (emphasis in original). In the Order it was noted that "<u>[p]laintiff's failure to comply with the terms of this Order shall result in dismissal of this action, with prejudice.</u> <u>Id.</u> (emphasis in original).

In response to the December 8, 2010 Order, plaintiff filed his discovery with the Court in a timely manner. The discovery, however, was placed under seal because plaintiff failed to redact personal identifiers in compliance with Local Rule 2.17. Also, plaintiff's certificates of service were unsigned. Approximately a day after plaintiff filed his discover responses with the Court, defense counsel called chambers and informed the undersigned's law clerk that she had not received the

discovery that was docketed on the Court's Case Management/Electronic Case Filing (CM/ECF) system.

On December 22, 2010, AT&T filed a second motion for sanctions for plaintiff's failure to provide defendant with his discovery responses. On December 27, 2010, the Court ordered plaintiff to immediately deliver to defense counsel full and complete copies of his written discovery responses, documents, and compact discs that he filed with the Court on December 15, 2010. He was also ordered to file a certificate of service with the Court on or before January 3, 2011. The Court held in abeyance ruling on defendant's second motion for sanctions.

Plaintiff timely filed a certificate of service certifying AT&T was served on December 27, 2010, and on December 30, 2010. A day later, however, AT&T informed the Court that while defense counsel received a package with two of the three compact discs, she had not received plaintiff's actual written discovery responses. Attached to AT&T's filing was an affidavit. In response, plaintiff filed three frivolous motions to strike and for sanctions against defense counsel and her assistant.

On February 17, 2011, the parties appeared before the Court for another hearing to address all outstanding motions before the Court. By the time of the hearing, plaintiff had provided AT&T with his written discovery responses, although his answers and responses were still not complete. After reviewing the parties' filings and hearing oral argument, the undersigned found plaintiff still had not fully responded AT&T's written interrogatories and documents requests from June 2010. Plaintiff was ordered to provide defendant, within seven (7) days of the Order, the following: fully executed authorizations with contact information for his medical providers; contact information for individuals listed in his interrogatories; and documents responsive to document request No. 29.

Plaintiff was also to file copies of his amended answers and responses with the Court on or before February 23, 2011. The Court granted, in part, defendant's two motions for sanctions, and plaintiff was ordered to pay to AT&T the sum of $250.00 in fines. It was again noted in the Order that "[p]laintiff's failure to comply with the terms of this Order shall result in dismissal." See Order dated February 17, 2011 at 4. (emphasis in original). The Court also denied plaintiff's three motions as baseless, and granted, inter alia, defendant's motion to move defendant's expert disclosure deadlines. Following the hearing the Court issued a new Case Management Order extending a number of the deadlines, including the discovery cut-off.

On February 23, 2011, plaintiff attempted to file his amended answers and responses with the Court. At the time it appeared as if plaintiff had complied with the February 17, 2011 Order, although again he filed documents with the Court with personal identifiers. These documents were returned to plaintiff, and he was ordered to re-file redacted copies.[2]

On March 15, 2011, upon plaintiff's motion, and based at least in part on plaintiff's representations to Court that he was not familiar with the legal process, the Court appointed Joseph Blanner of Behr & McCarter as counsel for plaintiff. Mr. Blanner and his associate Elizabeth V. Grana entered their appearances shortly thereafter. One day prior to plaintiff's scheduled deposition, plaintiff's counsel amended plaintiff's written interrogatory answers to reflect that plaintiff had been a party to twenty-three (23) more lawsuits than plaintiff had previously indicated in his written answers. The document, Plaintiff Supplemental Answers to Defendant's First Set of Interrogatories, was unsigned and sent to defense counsel via mail and e-mail on April 21, 2011.

---

[2]On March 3, 2011, plaintiff filed the redacted copies, but they were mistakenly returned to plaintiff by the clerk's office. See Doc. 104. Plaintiff re-filed his discovery responses with the Court on April 26, 2011. See Doc. 118.

## II. *Motion before the Court*

On April 22, 2011, defense counsel took plaintiff's deposition. During the course of the deposition, it became evident that plaintiff had not fully answered defendant's written interrogatories and he had not produced all documents responsive to defendant's written document requests. More specifically: (1) plaintiff admitted that in his interrogatory answers dated February 22, 2011, he failed to identify 23 separate lawsuits to which he was a party, and one of the lawsuits is currently pending in this district before the Honorable Henry Edward Autrey; (2) plaintiff admitted he failed to identify and execute releases for at least four medical providers; (3) plaintiff admitted that he failed to acknowledge in his discovery responses that he has used two different Social Security numbers and failed to provide executed Form 4506s for both Social Security numbers, thereby preventing AT&T from accessing his income tax records; and (4) plaintiff admitted that he failed to provide at least two relevant e-mails that he sent to agents and/or employees of AT&T, as well as correspondence with the National Labor Relations Board ("NLRB") regarding his termination, which he perceived as discriminatory based on race. AT&T argues in its motion that these discovery violations warrant dismissal, as plaintiff has repeatedly violated the Court's orders and shirked his discovery obligations.

Plaintiff's counsel responded to defendant's motion. In regard to the 23 separate lawsuits plaintiff failed disclose in his February 22, 2011 answers to defendant's interrogatories, plaintiff's counsel noted that during deposition preparation it came to counsel's attention that there were other lawsuits plaintiff had not disclosed. Upon learning this information, counsel felt it was necessary to amend plaintiff's interrogatory responses. Counsel argues his firm provided defendant's counsel with supplemental interrogatories answers on April 21, 2011, one day before the deposition, and

therefore, defendant had the information before the deposition was not prejudiced. Plaintiff's counsel also argues that many of the lawsuits were minor traffic violations and collection cases, and some were over 10-20 years old. Defense counsel argues that she did not receive the information in a timely manner for it to be useful, and the supplemental answers were unsigned. She also argues that the suits are relevant in that they go to plaintiff's veracity.

In regard to the medical providers and authorizations, plaintiff admitted in his deposition that he had visited St. Mary's hospital, had seen Dr. Layla Ziaee, and had seen a therapist to whom Dr. Ziaee referred him (later identified as Dr. Roberson), and these medical providers were not disclosed in his interrogatory responses and he did not execute releases for these providers prior to the deposition. According to plaintiff's counsel, however, plaintiff testified that these visits took place after the completion of his answers to written interrogatories, and plaintiff stated that he did not know he had a duty to supplement. Defense counsel disputes that all of these visits took place after his interrogatory answers. Defense counsel also points out that plaintiff's appointment with the therapist took place on February 24, 2011, and therefore, it is not credible that plaintiff did not know of this medical provider when he served his answers, which were dated February 22, 2011.

As for the second Social Security number, plaintiff disclosed and executed a release for Federal Income Tax Returns for one Social Security number. When defense counsel contacted the Internal Revenue Service ("IRS"), however, the agency responded that it did not have returns under that number for the years 2006-2010. At his deposition, plaintiff admitted he used another Social Security number to file returns. In plaintiff's response to defendant's third motion for sanctions, plaintiff's counsel argues that plaintiff should not be sanctioned for failing to disclose the second number, because when asked plaintiff candidly admitted he used another Social Security number,

and he has since executed another authorization, therefore, defendant has suffered no prejudice. Defense counsel argues she has been prejudiced because she still does not have plaintiff's tax returns, and the IRS has indicated that it would not be able to provide them to her for 30-45 days. She also points out that she has been requesting medical records and other documents, such as workers' compensation claims, using the wrong Social Security number, and it is likely she has not received all relevant information from these requests.

As for outstanding documents, during the course of the deposition plaintiff referred to an e-mail he sent to payroll noting the change in his Social Security Number, and an e-mail to Karen Lammert, a human resources employee, in which he claims he said he was the victim of racism by the company. Plaintiff also referred to documents he sent to the NLRB in which he complained his termination was based on race. Although these documents would have been responsive, none of these documents were produced in response to defendant's written document requests. In opposition to the motion for sanctions, plaintiff's counsel states plaintiff is now attempting to locate these documents, and plaintiff's counsel represents that plaintiff will produce them once they are located. Defense counsel argues these documents should have been produced long ago, and she believes it is likely there are other documents plaintiff has not provided.

### III. *Standard and Analysis*

Defendant requests that the Court dismiss plaintiff's claims, with prejudice, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 37 authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. Schoffstall v.

Henderson, 223 F.3d 818, 823 (8th Cir. 2000). A dismissal with prejudice is "an extreme sanction," however, and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 1999). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt, 203 F.3d at 527 (citing to Rodgers v. University of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)). Where a court gives meaningful notice of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper. Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

An action may also be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (dismissal appropriate where pro se civil rights plaintiff willfully disregarded court's order allowing defendants to depose him). See also Arnold v. ADT Security Servs., 627 F.3d 716, 722 (8th Cir. 2011) (affirming dismissal with prejudice under Rule 41 for multiple discovery violations and plaintiffs' failure to appear for a status conference).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). A district court, however, need not impose the least onerous sanction available, but the most appropriate under the circumstances. Id. See also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression.").

Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

In the case before the bar, the Court finds plaintiff has willfully disregarded a number of Court orders. Plaintiff was ordered to fully respond to defendant's written interrogatories and document requests at least five times, on September 28, 2010, November 16, 2010 (orally from the bench), December 8, 2010, December 27, 2010, and February 17, 2011. In at least three written orders plaintiff was warned that his failure to respond would result in dismissal with prejudice. Moreover, the process of discovery was explained to plaintiff, who represented he was a novice in the ways of legal proceedings. The Court told plaintiff on at least two separate occasions that he must disclose his evidence and "turn over all his cards," that he cannot hide discovery, and that it was not up to him to decide what discovery was relevant. It was explained to plaintiff that defendant was allowed to ask written questions and request documents, and he had the same right as well. The Court's explanations and warnings apparently fell on deaf ears.

The Court also finds defendant has been prejudiced by plaintiff's actions. Defendant waited over nine months to get written discovery responses from plaintiff, and it received plaintiff's responses only after filing a motion to compel and two motions for sanctions. When defense counsel finally took plaintiff's deposition after waiting all these months, defendant learned that plaintiff had not been forthright and truthful in his responses. Now, with less than a month before discovery is set to close – and the Court has already extended that deadline on account of plaintiff's delays – defendant has yet to receive very pertinent and basic information to the case, such as plaintiff's tax returns and medical records. Defendant's ability to defend this suit has been seriously hampered by plaintiff's willful disregard of his discovery obligations and court orders. Time and money has been

wasted, and as defense counsel stated during oral argument, witnesses' memories do not get better with time.

The only mitigating factor here is the fact that appointed counsel filed supplemental interrogatory answers when counsel learned of the 23 other lawsuits that plaintiff had not previously disclosed. Plaintiff's counsel may have disclosed the lawsuits as soon as counsel was aware of them, but the disclosure came at the eleventh hour. It would seem that plaintiff did not tell his counsel about the other suits until deposition preparation, and appointed counsel served the unsigned supplemental answers one day before plaintiff's deposition. There is nothing to suggest that plaintiff would have made the disclosure about the other lawsuits had he not been appointed counsel. What is more, while plaintiff's counsel was able to correct the number of lawsuits, counsel did not supply information regarding plaintiff's second Social Security number or the other medical providers, presumably because plaintiff did not provide this information to his counsel ahead of the deposition. There also remains the question of whether plaintiff has disclosed all responsive documents he has in his possession.

During the course of this litigation plaintiff has been at best deliberately evasive and at worst dishonest. He has willfully and unreasonably delayed these proceedings. The Court has considered but finds no other sanction short of dismissal that is appropriate at this time. The Court acknowledges plaintiff has proceeded pro se during the majority of this litigation, and it also recognizes that justice favors hearing cases on the merits, but the Court believes there is no other sanction that would deter plaintiff from continuing to abuse the discovery process. Plaintiff has been plainly warned both verbally and in written orders that he must comply with court orders and his discovery obligations, and he has even been fined – all to no avail. Plaintiff remains steadfast in his

defiance to the rules and orders of this Court. The Court, therefore, finds that the only appropriate sanction at this junction is dismissal with prejudice.

The Court would like to take this opportunity to thank appointed counsel for his time and efforts. His services and that of his firm have been very valuable to the Court, and they are much appreciated. The Court reminds appointed counsel of his obligation under Local Rule 12.07 (B). Once plaintiff's counsel has fulfilled his duty under Local Rule 12.07(B), the Court will consider counsel's obligation to plaintiff to be complete under the Court's appointment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant AT&T Operations, Inc.'s third motion for sanctions is **GRANTED.** Plaintiff's claims against defendant AT&T Operations, Inc. are dismissed with prejudice. [Doc. 116]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th   day of May, 2011.